UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X Case No:
MARCOS SOTELO, on Behalf of Himself and
All Others Similarly Situated,
                                                    **COLLECTIVE AND**
                                                    **CLASS ACTION**
                     Plaintiffs,                   **COMPLAINT**
                                                      **WITH JURY DEMAND**

      -vs.-

M.A.S. HOME SERVICES, LLC a/k/a EHC HOME
SERVICES LLC and BRUNO FERREIRA,

                   Defendants.
-----------------------------------------------------------------X

      Plaintiff, Marcos Sotelo ("Sotelo"), on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against M.A.S. HOME SERVICES, LLC a/k/a EHC HOME SERVICES LLC ("MAS") and BRUNO FERREIRA ("Mr. Ferreira")(all together as Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA) 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law ("NYLL") § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of NYLL § 190, *et seq.*; (iv) NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the requirement that employers furnish employees with wage statements on each payday containing

specific categories of information under the NYLL § 195(3); (vi) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - construction companies and their owner- - Plaintiff worked for Defendants. Throughout his employment, and as relevant to this Complaint, for the six-year period pre-dating the commencement of this action, Defendants required Plaintiff to work, and Plaintiff did work, more than 40 hours per week. However, Defendants failed to pay Plaintiff at the overtime rate of pay of one and one-half times their regular rate of pay for each hour that Plaintiffs worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to timely pay Plaintiffs for all hours worked, and actually failed to pay Plaintiffs for all hours he worked. Lastly, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

3. Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the

Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times, Plaintiff was a resident of the State of New York, reside in Queens County, and were each an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times herein, Defendant MAS was/is a foreign limited liability company with its principal place of business located in Connecticut.

9. At all relevant times herein, Defendant Mr. Ferreira was/is the president, owner, and day-to-day overseer of MAS.

10. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR. Additionally, Defendants' qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as food supplies, cooking and food preparation utensils, and other kitchen and grocery supplies, much of which originated in states other than New York, the combination of which subjects each Defendant to the FLSA's minimum

3

wage and overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiff and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-exempt employees who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

12. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

13. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiff at an amount equal to one and one-half times his respective regular rate of

4

pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

14. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on behalf of those who are similarly-situated who the Defendants subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

15. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and,

   e. A class action is superior to other methods of adjudication.

16. The Rule 23 Class that Plaintiff seeks to define includes:

   Current and former employees of Defendant who, during the applicable NYLL limitations period, performed any work for Defendants as non-exempt employees who: (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not timely paid their wages as required by NYLL § 191; and/or (3) were not paid their wages and/or otherwise had their wages deducted in violation of NYLL §§ 190, 191, 198 and 663(1); and/or (4) were not issued accurate or any pay stubs/wage statements on each payday containing the

information that N.Y. Lab. Law § 195(3) requires; and/or (5) were not issued wage notice at the time of their hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1) ("Rule 23 Plaintiffs").

### Numerosity

17.  During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

18.  There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and requires each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensated the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensates the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants timely compensated each Rule 23 Plaintiff for any wages due and owing; whether the Defendants timely compensated each Rule 23 Plaintiff for any wages due and owing; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if

so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

19. As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiff, employed Plaintiff as a non-managerial, non-exempt employee. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom the seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, to whom the Defendant paid an hourly rate.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be timely paid, to be paid for all wages due and owing, and to be furnished with accurate wage statements and wage notices.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

### Adequacy

20. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff overtime pay for his hours worked over forty each week, or all hours worked, nor did Defendants timely pay Plaintiff, all of which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution

for his testimony. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

21. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

22. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

23. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### BACKGROUND FACTS

25. Defendant MAS is a construction company providing services throughout New York including Brooklyn.

26. At all relevant times, Defendant Mr. Ferreira has had power over personnel decisions at MAS, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

27. At all relevant times, Defendant Mr. Ferreira has had power over payroll decisions at MAS, including the power to retain time and/or wage records.

8

28. At all relevant times, Defendant Mr. Ferreira has been actively involved in managing the day to day operations of MAS.

29. As relevant to this action, from on or about October 13, 2020 through January 22, 2022 (the "First Employment") and later from May 4, 2023 through November 30, 2023 (the "Second Employment"). Plaintiff worked for Defendants as a laborer. Throughout his employment, his job consisted of, among other things, being an assistant/helper installing sheetrock.

30. Throughout the relevant times of their employment, Defendants required Plaintiffs to work – and they did in fact work – at least 50 hours per week.

31. As is relevant to this action, throughout his First Employment, Defendants paid Plaintiff $20.00/hr for his first forty hours of work.

32. As is relevant to this action, throughout his Second Employment, Defendants paid Plaintiff $21.25/hr for his first forty hours of work.

33. As for hours worked by Plaintiffs over forty - to the extent Defendants actually paid Plaintiffs for any of these hours - Defendants would pay such wages at straight time. By way of example only, if Plaintiffs worked 50 hours in a given workweek, Defendants might pay them the applicable straight time rate for up to 45 hours of work (without paying 1 1/2 times Plaintiff's normal hourly rate for the 5 hours over 40) and pay absolutely nothing for the remaining hours of overtime. In some weeks, where Plaintiff worked more than 40 hours, Defendants would either pay Plaintiff for less than 40 hours of pay or not pay him at all.

34. Plaintiff worked more than forty hours in all workweeks in which Defendants employed him, but Defendants failed to them at least 1 ½ times their normal hourly rate for all hours over forty.

35. In addition to the violations noted above, during his Second Employment, Defendants failed to pay Plaintiff for at least 6 full weeks of pay.

36. Throughout his employment, Defendants paid Plaintiff without providing them with any wage statements that reflected, among other things, the amount of hours that they actually worked and their overtime rate of pay for each hour they worked in excess of forty hours in a given workweek.

37. Defendants did not provide Plaintiff with a wage notice at the time of their hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiffs were paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

38. Defendants acted in the manner described herein so as to maximize his profits while minimizing his labor costs.

39. Every hour that Plaintiff worked was for Defendant's benefit.

40. Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

41. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

42. Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

43. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

45. The Defendants willfully violated the FLSA.

46. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

47. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

48. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

49. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

50. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

51. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

52. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

53. Due to Defendants' violations of the New York Labor Law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Wages*

54. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint as if fully set forth herein at length.

55. During the relevant time period, Plaintiff and Rule 23 Plaintiffs were employed as a manual worker, as defined by the NYLL.

56. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

57. During the relevant time period, Defendant failed to pay Plaintiff and Rule 23 Plaintiffs wages (as well as commissions and other benefits) earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

58. Defendant's violations of the NYLL were willful and intentional.

59. Due to Defendant's violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages (as well as

commissions and other benefits), prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

### *FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS*
*Unpaid Wages/ Deduction of Wages Under NYLL*

60. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint as if fully set forth herein at length.

61. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

62. Defendants are employers within the meaning of NYLL, while Plaintiff and Rule 23 Plaintiffs were each an employee under NYLL.

63. As described above, despite regularly working at least 50 hours per week, Defendants deliberately did not pay Plaintiff and Rule 23 Plaintiffs for at least ten hours - not at the minimum rate, overtime rate, or any other rate - in violation of NYLL.

64. Therefore, Plaintiffs and Rule 23 Plaintiffs are also entitled to any lost wages, liquidated damages, interest, and attorneys' fees and costs.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Statements in Violation of the NYLL*

65. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

66. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

67. As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

68.     Pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

69.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

70.     The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

71.     Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

72.     Defendants willfully failed to provide Plaintiff and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

73.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

74.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

  a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

  d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

  g. Liquidated damages, emotional damages, punitive damages, and any other statutory penalties as recoverable under the FLSA and NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      i.      Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

      k.      Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       September 5, 2024

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Louis M. Leon (LL 2057)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
LLeon@Cafaroesq.com